**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LEONARD DALE VAN DAM,

    Defendant - Appellant.

Nos. 23-8049 & 23-8050
(D.C. Nos. 2:22-CR-00113-ABJ-1 &
1:22-CR-00128-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **EID**, Circuit Judges.
_____

Leonard Dale Van Dam and the government reached a plea agreement to settle the two criminal cases underlying these appeals.  With limited exceptions, the plea agreement required Mr. Van Dam to waive his right to appeal.  So when Mr. Van Dam filed these appeals, the government moved to enforce his appeal waiver.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).  Through his attorney, Mr. Van Dam "acknowledges that his appeal waiver is enforceable."  Resp. at 1.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Based on the parties' positions and our independent review, we grant the government's motion to enforce.  We dismiss these appeals.  This decision does not diminish any postconviction rights that Mr. Van Dam retained in the plea agreement.

Entered for the Court
Per Curiam